# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| A. J.,  ANTONIO J., LUCIANA ZEFERINO,<br><br>       Plaintiff,<br><br>v.<br><br>CITY OF BELLINGHAM, ZACHARY SERAD, individually and in his Official Capacity as an OFFICER of the BELLINGHAM POLICE DEPARTMENT; R. CHAVEZ, individually and in his Official Capacity as an AGENT of the UNITED STATES BORDER PATROL; CHRIS BIPPLEY, individually and in his Official Capacity as the DEPUTY CHIEF PATROL OFFICER for the BLAINE SECTOR of the UNITED STATES BORDER PATROL; DOES 1-500,<br><br>       Defendants. | ) NO.  2:16-cv-620-JCC<br>)<br>) 4TH AMENDED COMPLAINT FOR<br>) CIVIL RIGHTS (US and WA CONST.)<br>) 4TH AMENDMENT, 5TH AMENDMENT<br>) ACTION PURSUANT TO BIVENS<br>) RACE DISCRIMINATION, ABUSE<br>) OF PROCESS, INTENTIONAL INFLICTION<br>) OF EMOTIONAL DISTRESS,<br>) ASSAULT, VIOLATION<br>) OF RCW 49.60.030, NEGLIGENCE<br>)<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1

**A. J. v. CITY OF BELLINGHAM, ET AL**. –4TH AMENDED COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFFS

A. J., ANITONIO J., AND LUCIANA ZEFERINO, the Plaintiffs herein, by and through their attorney, allege as follows:

## I. JURISDICTION

1.      This court has jurisdiction over the subject matter of this action pursuant to Title 28, United States Code Sections 1331, 1332, 1343, and 1367, and venue is properly set in the Western District Federal Court pursuant to 28 U.S.C. 1391.

2.      The claims upon which this suit is based occurred in this judicial district.

3.      Plaintiffs are informed and believe, and on that basis allege, that each of the named Defendants reside in this judicial district.

## II. PARTIES

2.1      PLAINTIFF A. J. is a single MALE OF LESS THAN MAJORITY AGE residing primarily in the State of Washington, in SKAGIT County within the Western District of Washington. This Plaintiff was the victim of Race Discrimination, Racial Profiling, False Arrest, False Imprisonment, Abuse of Process, and other offenses and Constitutional Violations as listed by Defendants SERAD, and other unknown Officers, and then held and turned over to the Border Patrol despites a strong reason to doubt

2

**A. J. v. CITY OF BELLINGHAM, ET AL.** –4TH AMENDED COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFFS

that he was 18, and despite there being no justification for doing so.  He was then falsely held, wrongfully interrogated, terrorized, and turned over to the Immigration Detention Center in Tacoma for deportation, only being released to his family after the Detention Center learned he was 15 years old according to Racially Discriminatory Policies and actions by Defendant SERAD, AGENT R. CHAVEZ, AND DOES 1-5 WHO ARE ALL AGENTS OR SUPERVISORS of the U.S. Border Patrol.  This resulted in severe wholly foreseeable harm that the BELLINGHAM POLICE DEPARTMENT, the CITY OF BELLINGHAM, and the U.S. BORDER PATROL knew or should have known would occur.

2.2     PLAINTIFF ANTONIO J. is a Married Man residing primarily in the State of Washington, in SKAGIT County within the Western District of Washington. This Plaintiff is the Father of Plaintiff A. J. and, as a result of Defendants' treatment of A. J. and the policies related thereto was deliberately and Callously Caused to suffer Severe Emotional Distress and trauma with physical symptoms because of the disappearance of his son without explanation or notification, at the hands of BPD and the cooperating CBP and ICE officers and Officials.  PLAINTIFF ANTONIO J. represents his son, the minor PLAINTIFF in this matter.

2.3 PLAINTIFF LUCIANA ZEFERINO is a Married Woman residing primarily in the State of Washington, in SKAGIT County within the Western District of Washington.

3

**A. J. v. CITY OF BELLINGHAM, ET AL**. –4TH AMENDED COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFFS

This Plaintiff is the Mother of PLAINTIFF A. J. and, as a result of Defendants' treatment of A. J. and the policies related to was deliberately and Callously Caused to suffer Severe Emotional Distress and trauma with physical symptoms because of the disappearance of her son without explanation or notification, at the hands of BPD and the cooperating CBP and ICE officers and Officials. PLAINTIFF LUCIANA ZEFERINO represents her son, the minor PLAINTIFF in this matter.

2.4     DEFENDANT CITY OF BELLINGHAM is a government entity in WHATCOM COUNTY governed and functioning under the laws of the State of Washington.  It employs OFFICER ZACHARY SERAD, as well as John and Jane Doe involved supervisors of the BPD and other city officials and police officers whose identities are unknown, who were involved in this incident and Constitutionally violative, and tortious conduct committed against Plaintiffs and/or were involved in the policy development and implementation and/or failure to train, supervise, and discipline Defendants SERAD and JOHNSON.

2.5     DEFENDANT ZACHARY SERAD upon belief resides in WHATCOM COUNTY within the Western District of Washington State.  Upon knowledge and belief, ZACHARY SERAD was at the time of the injuries complained of in this Complaint, an employee and/or agent of the BELLINGHAM POLICE DEPARTMENT (hereinafter identified as BPD) acting within the course and scope of his duties.

4

__A. J. v. CITY OF BELLINGHAM, ET AL.__ –4<sup></sup>TH AMENDED COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFFS

2.6   DEFENDANT AGENT R. CHAVEZ IS, AND WAS AT THE TIME OF THIS INCIDENT AN AGENT OF THE US BORDER PATROL stationed at Blaine, WA in WHATCOM COUNTY, in this judicial district, and acting within the course and scope of his duties.

2.7   DEFENDANT DOE #1 is the BORDER PATROL AGENT who reported with R. CHAVEZ to the scene of SERAD'S now illegal detention of A. J., and participated in all of the conduct that followed.  Doe # 1 upon belief resides in WHATCOM COUNTY within the Western District of Washington State.  DOE #1  IS, AND WAS AT THE TIME OF THIS INCIDENT AN AGENT OF THE US BORDER PATROL stationed at Blaine, WA in WHATCOM COUNTY, in this judicial district, and acting within the course and scope of his duties.

2.8   DEFENDANT CHRIS BIPPLEY, according to belief resides in WHATCOM COUNTY within the Western District of Washington State.  Upon belief, CHRIS BIPPLEY is and was at the time of the injuries complained of in this Complaint, the DEPUTY CHIEF PATROL OFFICER for the BLAINE SECTOR of the UNITED STATES BORDER PATROL acting within the course and scope of his duties.

2.9   There are other persons, identities presently unknown to Plaintiffs, who are, and were at all times mentioned herein, supervisors, incident commanders, training, and/or disciplining officers, and/or decision-makers of the UNITED STATES

5

A. J. v. CITY OF BELLINGHAM, ET AL. –4TH AMENDED COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFFS

BORDER PATROL, IMMIGRATION AND CUSTOMS ENFORCEMENT, CUSTOMS AND BORDER PROTECTION, AND/OR OTHER DIVISIONS OF THE US DEPARTMENT OF HOMELAND SECURITY, other Federal Agencies and/or private contractors acting in conjunction with any or all of those agencies and/or other OFFICERS THEREOF who acted in concert with the above named Defendants and who devised, approved, or deliberately ignored the actions that are the subject of this action and in doing the things hereinafter alleged, acted under color of State and Federal Law as agents of the  BORDER PATROL and/or related agencies, and/or other involved individuals and/or agencies and with those agency(ies)'s full consent and approval.

2.10   DOES 1-100 are, and were at all times mentioned herein, Officers, Supervisors, Internal Investigators, involved actors, and elected or appointed Police or Governmental Officials Involved In encouraging SERAD's behavior and/or failing to properly monitor, supervise, control, and/or discipline Defendant SERAD and/or other officers involved in numerous Constitutional and tort violations resulting in an extensive pattern and practice of allowing gross misconduct and harm to occur over an extended period of time, thus tacitly encouraging this incident to occur, and in committing the acts and omissions hereinafter alleged, acted under color of state law as agents of the

**A. J. v. CITY OF BELLINGHAM, ET AL.** –4TH AMENDED COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFFS

BELLINGHAM Police Department resulting in the  violations of Plaintiffs' rights as discussed.

2.11 This action is brought pursuant to the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, Article I of the Washington Constitution, and common law torts, and pursuant to _Bivens v. Six Unknown Agents_, 403 U.S. 388 (1971).

2.12 On December 22, 2015, Plaintiffs served The City of BELLINGHAM with a tort claim for damages.  On February 4, 2016, the Bellingham City Attorney's Office sent a letter to Plaintiffs' Counsel rejecting the claim.

2.13 This Complaint is now amended subsequent to a ruling on Summary Judgment and pursuant to the order of this court of December 22, 2016, granting Plaintiffs leave to amend the Complaint to add the Border Patrol Agents involved in this incident.

2.14 This amended Complaint now follows

## III. FACTS

3.1     Plaintiff A. J. is a now 17-year-old Latino male who lives with his parents and siblings in Mt. Vernon, WA (AJ Dec. ¶¶1, 3).

7

**A. J. v. CITY OF BELLINGHAM, ET AL.** –4TH AMENDED COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFFS

3.2     At the time of the incident in question, he was 15, and looked and sounded his age (Video-Defense Exhibit 1-particularly at 19:49-20:29; AJ Dec. ¶¶ 22-77).

3.3     On June 20, 2015 in the manner of teenagers everywhere, A. J. borrowed his parents' car without permission, after working a long day in the fields, and drove with three friends to Bellingham to attend a Quinceanera (15th birthday party for girls) (AJ Dec.¶¶7-10).

3.4     A. J. had no criminal record and did not have a history of non-law abiding behavior.

3.5     By admission, A. J. was not of legal age to drive and did not have a driver's license, or being 15, any other government identification (AJ Dec. ¶¶22).

3.6     He did have a worker ID for the Sakuma Brothers Berry Farm where he worked with his parents and siblings that had his name and photograph on it (AJ Dec 26-27; Defendants' Transcript of Video. pp 9-10).

3.7     When they arrived, the door was closed and there was no sign of a party. A. J. and his passengers decided to get a soda at the Community Food Co-op at Forest and Chestnut Streets before heading back to Burlington (AJ Dec. ¶11).

3.8     Being a completely inexperienced driver and not seeing the one way street sign, A. J. inadvertently drove a short distance the wrong way on Forest (AJ Dec. ¶¶ 12-13).

**A. J. v. CITY OF BELLINGHAM, ET AL.** –4TH AMENDED COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFFS

3.9     As a result, A. J. got pulled over by DEFENDANT Bellingham Police Officer ZACHARY SERAD and his partner, who, based on the transcript provided by Defendants as an Exhibit to their motion, we now know to be Officer Larson, who is not otherwise mentioned, except on the non-redacted version of the video (AJ Dec. ¶¶ 15-18; Tran. pp 2-5).

3.10    A. J. gave his true name, but Defendants, not understanding how Latin American names work with a first name, last name, and Matronymic (Mother's last name), insisted and continue to insist that J***** is not actually A. J.'s last name, and that he was lying (AJ Dec. ¶19; Tran. throughout, esp. pp12-14; Video at 13:57-14:02) (Defendants' statement of facts and legal argument).

3.11    Because he was 15, Plaintiff A. J. did not have a driver's license.to produce.

3.12    He did produce the registration for the car, which had his father's name Antonio J., and matched the address that A. J. gave to Officer SERAD (AJ Dec. ¶¶24, 28; Tran. pp. 4-5).

3.13    A. J. also gave DEFENDANT SERAD his worker ID from Sakuma Brothers which had a photo of A. J. and listed his name accurately, but with his matronym included (AJ Dec ¶¶26-27; Tran. pp. 9-10).

**A. J. v. CITY OF BELLINGHAM, ET AL.** –4TH AMENDED COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFFS

3.14    A. J. showed SERAD the car registration, which was in his father's name, ANTONIO J., at the same address in Mt. Vernon (AJ Dec. ¶¶24, 28; Tran. pp. 4-5).

3.15    OFFICER SERAD also ran the license plate (Tran. p 10), which would have come back with exactly the same information that was on the registration (A. J. Dec. ¶21).

3.16    The only information A. J. lied about was his age. and whether he had a drivers' license to cover-up the fact that he was driving illegally (AJ Dec. ¶¶ 4-6).

3.17    Both driving without a license and driving under age are infractions.

3.18    AJ did eventually admit to not having a drivers' license (AJ Dec. ¶ 30, Tran. p 13).

3.19    Despite professed skepticism about A. J.'s stated date of birth, and the inexpert way that he pulled over, still partly in the lane of traffic, SERAD and Larson never suggest or conclude that A. J. might simply be hiding the fact that he was driving underage, a common teenage activity, especially in small towns (Tran. pp 4, 11:10-15, 11:21-25).

3.20    Rather SERAD concludes that either A. J. is hiding a serious criminal history or is in the US "illegally" (Tran. pp 14:6-9, 16:18-23, 21:20-22:6).

10

**A. J. v. CITY OF BELLINGHAM, ET AL.** –4TH AMENDED COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFFS

3.21    SERAD then proceeds to question A. J. about his criminal history and concludes he's lying about his name because he doesn't have a criminal history.  He never read A. J. his rights (AJ Dec. ¶ 66; Tran.. pp 8, 14:6-9, 16:18-23, 21:20-22:6).

3.22    SERAD then questions him about his immigration status, and how he entered the country, something completely irrelevant to identifying him, or determining if he has criminal warrants (AJ Dec. ¶¶31-37; Tran. 21-23)..

3.23    When A. J. explains to SERAD that he has filled out the paperwork and applied for status in the US under the DACA program, SERAD doesn't know what that is and clearly doesn't care (AJ Dec. ¶; Tran pp.; Video at 20:00-20:25).

3.24    SERAD then calls Dispatch and asks them to contact the Border Patrol and have them call him (AJ Dec. ¶¶ 42-43; Video 20:50-21:18).

3.25    SERAD then, by his own admission turns the camera off to take the call from the Border Patrol and then keeps it off for the conversation when the Border Patrol Agents arrive (SERAD Dec.).

3.26    A few minutes later two Border Patrol agents arrived, one driving a truck and the other one driving a jeep (AJ Dec. ¶44).

3.27    SERAD immediately tells them that A. J. was "undocumented" (AJ Dec. ¶46).

**A. J. v. CITY OF BELLINGHAM, ET AL.** –4TH AMENDED COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFFS

3.28    One of the Border Patrol agents said to A. J., "I don't like people like you."(AJ Dec. ¶47).

3.29    SERAD then explained to the Border Patrol Agents, "There are three options here, I can give him a ticket and let him go, or I can take him in and do a fingerprint and find out who he is, or you guys can take him. What should we do?" (AJ Dec. ¶48).

3.30    One of the Border Patrol Agents said, "We'll take him". (AJ Dec ¶49).

3.31    There was no request by either officer to the Border Patrol Agents to help the officers identify A. J., nor was there any discussion about letting the Border Patrol agents fingerprint A. J. and then have SERAD, or any other officer pick A. J. up (AJ Dec ¶¶ 46-49).

3.32    The Border Patrol has no jurisdiction to give orders to local police about how to deal with subjects that a local Department has detained (See §c of legal argument.

3.33    It is a breach of privacy under the Washington State Constitution for a local police officer to inquire as to the immigration status of detainees (Art. 1 § 7).

3.34    Plaintiff A. J. who was nervous the entire time, became even more scared when her heard SERAD state that he was contacting the Border Patrol, and terrified when the Border Patrol arrived (AJ Dec. ¶¶ 43, 44, 85-86).

12

__A. J. v. CITY OF BELLINGHAM, ET AL__. –4TH AMENDED COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFFS

3.35    The agent that was driving the jeep, handcuffed A. J. and put him in the back of the jeep (AJ Dec. ¶50)

3.36    They then drove to the Ferndale Police Department/jail at a high rate of speed without telling A. J. where they were taking him (AJ Dec. ¶¶51-61; Maru Dec. ¶¶37).

3.37    The Border Patrol Agent who was driving then took A. J. into the jail and ordered him into a cell and locked him in (AJ Dec. ¶53).

3.38    He had one blanket in a very cold cell (AJ Dec. ¶54).

3.39    After he had fallen asleep, the same Border Patrol Agent woke him up, ordered him out of the cell and said they were going to create a file on him.(AJ Dec. ¶¶55-58 )

3.40    The agents took a picture of him and said   "Your picture is going to go to the President" (AJ Dec. ¶ 57).

3.41    They then took his fingerprints and asked him if he had any tattoos.  He truthfully told them no (AJ Dec. ¶58).

3.42    There is no evidence that they ever asked his age.

3.43    They asked him what he did (for a living).  He said, "I go to school and I work during the whole summer to help my parents with money and I really enjoy singing; I want to pursue a singing career" (AJ Dec. ¶ 59).

A. J. v. CITY OF BELLINGHAM, ET AL. –4TH AMENDED COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFFS

3.44   The Border Patrol is its own Sub-Agency; it is not Customs and Border

Protection, which operates Border and Customs checkpoints at Border Crossings and

airports, train stations and ports(https://www.cbp.gov/border-security/along-us-

borders/overview; https://www.cbp.gov/about/leadership-organization

3.45   The City throughout its motion conflates the two Agencies, further indicating

that they don't understand what occurred and the implications of it.

3.46   A few minutes later, the agent that was writing things down told A. J., "You

have no record, you can be released tomorrow."

3.47   At 2 AM, A. J. was finally allowed to make a phone call and left a message

for his father in Mixteco that in English translates as, "Dad I was pulled over in

Bellingham and the Border Patrol took me, and they said I can come out tomorrow, I

don't know where I am at." A. J. asked his father to call a local community activist,

Rosalinda Guillen (AJ Dec. ¶ 61)

3.48   The family had learned that A. J. had been seized from one of the

passengers in the car (Mora Dec. ¶¶  6-7).§

3.49   SERAD had given the passengers 10 minutes to produce someone with a

driver's license or the car would be towed (Tran. pp.15:7-18, 16:24-17:19, 18:6-20:7).

**A. J. v. CITY OF BELLINGHAM, ET AL.** –4TH AMENDED COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFFS

3.50    When his driver's license was verified, one of the passengers got behind the wheel and drove straight to A. J.'s family's apartment and told them that the Border Patrol had taken him.

3.51    The Border Patrol falsely told A. J.'s family and the community activists, that A. J. was at U.S. Immigration and Citizenship Services Administration Building in Tukwilla, so they went to try and get him, so they weren't home for A. J.'s 2 AM call (Mora Dec. ¶¶ 17-25, 37-38)

3.52    In his message A. J. asked his father to get a local community activist involved, which is how they finally located A. J. (AJ Dec ¶61; Mora Dec¶¶ 3-5, 17-25).

3.53    Around 8 AM (now June 21, 2015, a Sunday) a Border Patrol agent came and knocked on the cell door where A. J. was.  He told A. J. to "come out; you are going to the Detention Center in Tacoma" (AJ Dec. ¶    ).

3.54    At that point, A. J. was incredibly confused and panicked (AJ Dec. ¶P62-63).

3.55    The Agent handcuffed and shackled A. J. and put him in a Border Patrol vehicle (AJ Dec. ¶65).

3.56    Two Border Patrol Agents drove A. J. to Tacoma, trying to interrogate him all the way down to Tacoma without ever reading him his Miranda Rights.(AJ Dec. ¶65-67).

A. J. v. CITY OF BELLINGHAM, ET AL. –4TH AMENDED COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFFS

3.57    At 10:40 AM, they arrived at the Detention Center with a file folder on A. J. that one of the Agents handed to the woman working at registration (AJ Dec. ¶¶ 68-69).

3.58    He was put in a very large holding cell that A. J. believes was big enough to hold 80 people (AJ Dec. ¶70).

3.59    After a long time, one of the guards handed him a blue jumpsuit, ordered him to change into it, and then when he had changed, took him back to the registration/front office (AJ Dec. ¶¶71-72).

3.60    There he was told that he would be deported on Monday (the next day) with no process whatsoever (AJ Dec. ¶¶ 72-73).

3.61    A. J. had not been asked his age at that point.

3.62    He was then taken back to the holding cell to worry (AJ Dec. ¶¶ 74-75).

3.63    Eventually he was brought back to the front office, where the woman working there said to him, ""We just got a call (from the community activists looking for him) and they said that you are 15, not 18, is that true?" (AJ Dec. ¶76)

3.64    A. J. responded, "It's true; I am 15. I was born on August 6, 1999" (AJ Dec. ¶77).

**A. J. v. CITY OF BELLINGHAM, ET AL.** –4TH AMENDED COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFFS

3.65    The woman in the front office then immediately made a phone call and told the person on the other end of the line, "We've got a 15 year old in here, what do we do?" (AJ Dec. ¶78)

3.66    She was on the phone for about 2 minutes, and then told AJ to "call my parents to come and pick me up", and "(t)hey need to bring my ID and birth certificate" (AJ Dec. ¶79).

3.67    A. J. agreed, and, called his father and told him, "I am in the detention center in Tacoma, please bring my ID and birth certificate" (AJ Dec. ¶80).

3.68    His father agreed, and the family then left on the two-hour drive to Tacoma to pick him up, where they had to wait for an hour, and find someone who could talk with them (AJ Dec.¶¶80-82; Mora Dec. ¶¶ 39-58).

3.69    In the meantime, A. J. was put in a smaller holding cell by himself where he remained until 10 PM, when he was taken to the office and then outside to be reunited with his family and the community activists Maru Mora and others who had been trying to locate him all that time (AJ Dec. ¶).

3.70    By the time A. J. and his family got home it was 2 AM; they had to get up at 4:30 AM to be at work in the fields by 5:30 AM, so they never slept (AJ Dec. ¶84; Mora Dec. ¶¶67-76)

**A. J. v. CITY OF BELLINGHAM, ET AL.** –4TH AMENDED COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFFS

3.71    To this day, A. J. and his family still suffer from the fear, anxiety, and trauma, caused by this incident (AJ Dec. ¶¶85-86).

3.72    This is in marked contrast to the way witness Janet Marino's white stepson C. C. was treated when pulled over by BPD for underage drinking, etc., at a similar age.

3.73    On January 27, 2015, he went out a window of their home and joined some friends at Sinclair Park (Marino Dec. ¶¶7-8).

3.74    They were all under age (Marino Dec. ¶¶ 9-10).

3.75    They were all drinking, including her step-son, C.C. who was 16 at the time (Marino Dec. ¶10).

3.76    He and his friends then went joy-riding. (Marino Dec. ¶2).

3.77    The driver of the car, another youth, smashed into a fence post (Marino Dec. ¶13).

3.78     On their way back to the driver's home, they were stopped by Officers of the Bellingham Police Department. (Marino Dec. ¶14).

3.79    Ms. Marino found out about this at 4:30 a.m. when BPD called and asked her to come and pick C. C. up (Marino Dec. ¶15-16)

3.80     BPD released C. C. into her custody, uncharged in front of the home of the driver (Marino Dec. ¶17)

**A. J. v. CITY OF BELLINGHAM, ET AL**. –4TH AMENDED COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFFS

3.81     BPD did not even take him to the police station.(Marino Dec. ¶18)

3.82     They simply released him on the street, her step-son, C. C. who was 16 at the time (Marino Dec. ¶19).

3.83     C. C. was never charged (Marino Dec. ¶20).

3.84     BPD never asked Ms. Marino's son if he was an immigrant.(Marino Dec. ¶ ¶21).

3.85     They never asked him if he had citizenship here or whether he was here legally (Marino Dec. ¶22)

3.86     They did not ask those questions of anyone else in the car (Marino Dec. ¶23).

3.87     They never asked her son, C.C., for his ID at all (Marino Dec. ¶24).

3.88     This is typical for a white, small town kid who commits an age-related infraction-- drinking, driving, etc.

3.89    The Department initially tried to cover-up this discrimination by claiming it did not keep statistics on stops/arrests of Latinos and simply listed them as White.

3.90    PLAINTIFFS have also provided evidence that African American youth, while treated in other discriminatory ways, were not discriminated against by BPD Officers in this particular manner.

**A. J. v. CITY OF BELLINGHAM, ET AL.** –4TH AMENDED COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFFS

3.91    On December 22, 2015, PLAINTIFFS filed civil claims for damages against the City. On February 4, 2016, the Bellingham City Attorney's Office formally rejected those claims, and the required 60-day period has now expired.

## IV. STATEMENT OF DAMAGES

4.1    As a direct and proximate result of the intentional and/or negligent acts of Defendants and those acting on behalf of them, Plaintiff A.J. sustained deprivation of his Fourth, Fifth, Eighth, and Fourteenth Amendment Rights, deprivation of liberty, violations of privacy, threats to and fear for his personal safety, discrimination based on race, pain and suffering and injury in an amount that will be established at trial.

4.2    As a direct and proximate result of the intentional and/or negligent acts of Defendants and those acting on behalf of them, PLAINTIFFS ANTONIO J. and LUCIANO ZEFERINO suffered severe emotional distress, intense fear for the safety of their son, and pain and suffering, actual economic loss, and injury in an amount to be established at trial.

4.3    As a further direct and proximate result of the intentional and/or negligent acts of Defendants, Plaintiffs have had to retain legal counsel to vindicate their rights in court at an amount to be established at trial and for which they are entitled to be reimbursed.

20

**A. J. v. CITY OF BELLINGHAM, ET AL.** –4TH AMENDED COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFFS

4.4     As a further direct and proximate result of the intentional and negligent acts of the Defendants, PLAINTIFFS, mostly PLAINTIFF A. J., underwent frightening physical and psychological abuse, the beginning of deportation proceedings, as well as violations to their privacy and personal information solely caused by DEFENDANTS SERAD, CHAVEZ, DOE #1, BIPPLEY and other unnamed DEFENDANTS' abuse of their position(s) as law enforcement and Border Patrol officers, and the Departments' policies and failure to properly train, supervise, and discipline them. This was compounded by deliberate policies emanating from the CITY OF BELLINGHAM and the Federal Government that pay lip service to opposing racial profiling while engaging in it, particularly as to Latinos and Native Americans.

4.5     PLAINTIFFS are entitled to compensation for the Constitutional and personal harms Defendants inflicted on them and the chilling effect their actions had on their lives.

//
//

21

**A. J. v. CITY OF BELLINGHAM, ET AL.** –4TH AMENDED COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFFS

## V. CAUSE OF ACTIONS:

### COUNT ONE
### VIOLATION OF CIVIL RIGHTS
### (BIVENS)
### (**As To DEFENDANTS SERAD, CHAVEZ, DOE # 1, BIPPLEY and DOES 2-100**
### **(As to PLAINTIFF AJ)**

5.1.   PLAINTIFFS re-allege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 4.5 of this Complaint.

5.2.   In committing the acts complained of herein, DEFENDANTS acted under color of state law to deprive PLAINTIFF A. J., as alleged herein, of certain constitutionally protected rights including, but not limited to:

(a)   The right not to be deprived of liberty without due process of law;

(b)   The right to be free from invasion or interference with PLAINTIFF'S zone of privacy;

(c)   The right to equal protection of the law;

(d)   The right to be free from unreasonable search and seizure;

(e)   The Right to be Free of Improper Interrogation/self-incrimination, and as a minor, the right to be free of interrogation without a parent present;

(f)   The right to be free from police use and threat of excessive force;

(g)   The right to be free from discriminatory law enforcement;

**A. J. v. CITY OF BELLINGHAM, ET AL.** –4TH AMENDED COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFFS

(h)     The right to be free from Racial Profiling;

(i)     The Right not to be subjected to cruel and unusual punishment (immigration detention, arrest and detention without notification to his family and deportation proceedings for being an underage driver.)

5.3     In violating PLAINTIFF'S rights as delineated above, and other rights according to proof, DEFENDANTS acted by verbal threat and intimidation, use of force, false detention, or by ratifying personally the above listed conducts, DEFENDANTS acted to violate PLAINTIFF'S rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution, resulting in detention at an adult immigration prison, and initiating an unjustified deportation proceedings, a drastically cruel and unusual punishment for driving underage -- a typical youthful transgression.

5.4     DOES 2-100 are the other law enforcement officers, supervisors and personnel involved directly in the incidents in question and/or the direct supervision, training, and disciplining of officers other than command officers, and of developing the policies in question..

5.5     As a direct and proximate result of the violations of his Constitutional rights by DEFENDANTS, and each of them, PLAINTIFF A. J. suffered general and special damages as alleged in this Complaint.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

23

**A. J. v. CITY OF BELLINGHAM, ET AL.** –4TH AMENDED COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFFS

## COUNT TWO
### Violation of Civil Rights
### (BIVENS)
### (As To DEFENDANT BIPPLEY, and Does 101-500)

5.6   PLAINTIFFS re-allege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 5.5 of this Complaint.

5.7   At all times herein mentioned, BORDER PATROL DEPUTY CHIEF PATROL AGENT BIPPLEY and other supervisors, acted with deliberate intent and policy to give free rein to CHAVEZ and the other officers of the BORDER PATROL to engage in RACIAL PROFILING, unlawful detention of an obvious minor, physical and verbal abuse, false arrest and detention and other RACIALLY DISCRIMINATORY and Unconstitutional actions that deprived PLAINTIFFS and many others of their rights secured by the Constitution of the United States, including, but not limited to their rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution, and rights under the Washington State Constitution.

5.8   The DOE supervisors of named Defendant CHAVEZ acted deliberately to ratify the above-described policy and actions, and participated in the creation and implementation of this policy,  and failed to properly train, supervise, and discipline named Defendants and other involved officers,

24

A. J. v. CITY OF BELLINGHAM, ET AL. –4TH AMENDED COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFFS

5.9   The CITY OF BELLINGHAM, and its officials, endorsed, encouraged, and ratified THESE POLICIES and the policy (428) of working with CBP and ICE to detain and turn over suspected immigrants based on their race while insisting that the Department did not engage in racial profiling and that they would fire any officer who did so.

5.10   DEFENDANT BIPPLEY also encouraged the BORDER PATROL AEGNTS under his command and control to engage in false and improper detention, transportation, and interrogation of minor subjects, and others not subject to detention or deportation for the purpose of intimidation, race discrimination, and other unjustifiable effects.

5.11 Bellingham Police Department initially tried to cover-up its discrimination by claiming it did not keep statistics on stops/arrests of Latinos and simply listed them as White.

5.12   In committing the acts complained of herein and in their official and individual capacity, BIPPLEY and DOE DEFENDANTS acted with a design and intention to deprive PLAINTIFF A. J. and others of rights secured by the Constitution of the United States and acted with deliberate indifference to PLAINTIFFS' rights.

**A. J. v. CITY OF BELLINGHAM, ET AL.** –4TH AMENDED COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFFS

5.13   As a direct and proximate result of the acts complained of herein,

PLAINTIFF A. J. has suffered general and special damages as set forth in this

Complaint.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

### COUNT THREE
### RACE DISCRIMINATION
### (RCW 46.60.030 et seq.)
### (As to All DEFENDANTS)

5.14   PLAINTIFFS re-allege and incorporate herein by reference the

allegations set forth in Paragraphs 1 through 5.13 of this Complaint.

5.15 DEFENDANTS SERAD, CHAVEZ, AND DOE # 1'S singling out of

PLAINTIFF A. J. for drastic disparate treatment based on his race, that is shockingly

and reprehensibly different in any manner in which they would have treated a similarly

situated white teenager engaging in an identical violation of law is clear and

undisguised race discrimination and discriminatory law enforcement based on race.

5.16   Allowed and facilitated by DEFENDANTS BIPPLEY, THE CITY OF

BELLINGHAM and DOE DEFENDANTS' deliberate policies and actions of race

discrimination against Latinos and Native Americans, and two-faced policies of

immigration interrogation and policing where they have no jurisdiction and no

26

**A. J. v. CITY OF BELLINGHAM, ET AL**. –4TH AMENDED COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFFS

appropriate lawful function, resulted in racist policing and the discriminatory pattern and practice described throughout this Complaint.

5.17    All of this violated PLAINTIFFS' right to be free of race discrimination and discriminatory law enforcement based on race in direct violation of RCW 46.60.030, et seq. of the Washington State Constitution.

5.18    As a direct and proximate result of the violation of their Constitutional rights by DEFENDANTS, and each of them, PLAINTIFFS suffered general and special damages as alleged in this Complaint.

5.19    The conduct of DEFENDANTS was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.


## COUNT FOUR
### INTENTIONAL INFLICTICTION OF EMOTIONAL DISTRESS/OUTRAGE
### (As to All Defendants)

5.20    PLAINTIFFS re-allege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 5.19 of this Complaint.

5.21    By continuing to detain PLAINTIFF A. J. solely to turn him over to the BORDER PARTOL based on his race and in spite of clear doubts about Plaintiff A. J.'s

27

**A. J. v. CITY OF BELLINGHAM, ET AL**. –4TH AMENDED COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFFS

age, and failing to let his family know where he was, DEFENDANT SERAD acted in a manner narrowly calculated to cause severe emotional distress to all PLAINTIFFS, which they did suffer.

5.22   In doing so, SERAD's conduct was extreme and outrageous

5.23   By their actions in taking custody, interrogating, jailing, terrorizing, and taking PLAINTIFF A. J. to the Ferndale Jail and the Tacoma Detention Center, while concealing his location and lying about his whereabouts to his family, DEFENDANTS CHAVEZ, DOE # 1, BIPPLEY, and all other involved BORDER PATROL PERESONNEL acted in a manner that was intended to terrify, humiliate, and otherwise cause great emotional distress to PLAINTIFF A. J. and his PARENTS and siblings, which they did suffer in a manner that was wholly foreseeable and predictable.

5.24 The conduct of DEFENDANTS was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## VI. JURY TRIAL DEMAND

28

**A. J. v. CITY OF BELLINGHAM, ET AL.** –4TH AMENDED COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFFS

6.1 PLAINTIFFS hereby demand a jury trial in this matter.

## VII. PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for judgment against the DEFENDANTS as follows:

7.1     For general damages including pain and suffering together with special damages for PLAINTIFFS' reasonable and necessary legal expenses, and medical expenses both past and future, the exact amount of which will be established at the time of trial;

7.2     For punitive damages in an amount to be proven at trial pursuant to Federal and State law;

7.3     For actual attorney's fees and litigation costs pursuant to 42 U.S.C. 1988 and *Bivens v. Six Unknown Agents*;

7.4     For statutory attorney's fees and costs; and

7.5     For court supervised training and regulations requiring that the City, the Department, the Border Patrol and their officers establish controls and review processes, and proper non-discriminatory policies to ensure that such abuses of privacy do not occur again.

29

A. J. v. CITY OF BELLINGHAM, ET AL. –4TH AMENDED COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFFS

7.6 That a special manager be appointed to ensure that the Department and the Border Patrol cease engaging in racial profiling and other racially discriminatory conduct.

7.7 That all policies allowing cooperation and involvement of CBP, ICE, and the Border Patrol in cooperative law enforcement or actions with BPD, of any kind be ended.

7.8 That all police policy changes be readily available to the public on BPD and the City's websites and that a public announcement be made of any such changes.

7.9 That the Department be mandated to keep full, complete, and proper statistics of all law enforcement encounters by race, including Latinos as a separate category and that those statistics be audited by an outside agency approved by the community on a quarterly basis.

7.10 That the Department be overseen by a civilian review board, whose members are appointed by and accountable to the community, not the mayor, with enforcement and investigative authority.

7.11    For such other and further relief as the Court deems just and proper.


//

//

30

**A. J. v. CITY OF BELLINGHAM, ET AL.** –4TH AMENDED COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFFS

RESPECTFULLY SUBMITTED: January 5, 2017

                        /s/ LAWRENCE A. HILDES

                  LAWRENCE A. HILDES , WSBA# 35035

               P.O. Box 5405, Bellingham, WA 98227

              Phone: (360) 715-9788, E-mail: lhildes@earthlink.net

              Attorney for Plaintiffs A. J., ANTONIO J., and

              LUCIANA  ZEFERINO

31

**A. J. v. CITY OF BELLINGHAM, ET AL**. –4TH AMENDED COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFFS

## PROOF OF SERVICE

Lawrence A. Hildes certifies as follows:
I am over the age of 18 years, and not a party to this action. I am a citizen of the United States.

My business address is P.O. Box 5405, Bellingham, WA 98227

On January 5, 2017, I served the following documents(s) described as follows

 PLAINTIFFS' 4th Amended Complaint on the following persons(s) in this action at the following addresses:

**SHANE BRADY**
Bellingham City Attorney's Office
210 Lottie Street
Bellingham, WA 98225

Kristofer J. Bundy, Associating Attorney
C/O City of Bellingham
Office of the City Attorney
210 Lottie Street
Bellingham, WA 98225
bundy.law@comcast.net

[ X ] By electronic notice, by filing the case Electroncally and therefore causing it to be served on  THE ABOVE

 [X] (FEDERAL) I declare under penalty of perjury that I am a member of the BAR of this court, and that the above information is true and correct.

Executed on January 5, 2017, at Bellingham, Washington.

  /S/    Lawrence A. Hildes
Lawrence A. Hildes ,

32

**A. J. v. CITY OF BELLINGHAM, ET AL**. –4TH AMENDED COMPLAINT
LAWRENCE A. HILDES (WSBA # 35035)
P.O. Box 5405
Bellingham, WA 98227
Telephone: (360) 715-9788
LHILDES@EARTHLINK.NET

ATTORNEY FOR PLAINTIFFS