THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.J., *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF BELLINGHAM, *et al.*,<br><br>　　　　　Defendants. | CASE NO. C16-0620-JCC<br><br>ORDER |

This matter comes before the Court on the motion to strike by Defendants City of Bellingham and Officer Zachary Serad ("the Bellingham Defendants") (Dkt. No. 62). The Bellingham Defendants ask the Court to strike Plaintiffs' fourth amended complaint (Dkt. No. 59) to the extent it exceeds the Court's order granting leave to amend (Dkt. No. 57).

Plaintiffs requested leave to amend their complaint "to add the U.S. Border Patrol (CBP/DHS), Border Patrol Agent R. Chavez, Border Patrol Agent Doe 501, and Deputy Border Patrol Agent Chris Bippley under a *Bivens*[1] theory and two accompanying *Bivens* causes of action." (Dkt. No. 55 at 1-2.) The motion for leave stated that the amendment "will not affect any of the present parties and involves minimal additional facts, adding only names of the known responsible Border Patrol personnel." (*Id.* at 2.) In granting leave to amend, the Court

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

ORDER
PAGE - 1

specifically noted that Plaintiffs sought "to amend their complaint to add additional defendants." (Dkt. No. 57 at 1.) Plaintiffs submitted their amended complaint shortly thereafter. (Dkt. No. 59.)

The Bellingham Defendants assert that the amended complaint exceeds the scope of the motion to amend and the Court's order granting leave by raising new claims and making new factual allegations against the City of Bellingham and Officer Serad. (Dkt. No. 62 at 1-2.) The Bellingham Defendants seek to strike these portions of the complaint. (*Id.*)

Regarding the new claims, the Court agrees that the amended complaint went beyond its permissible scope. After summary judgment, the only claims left against the Bellingham Defendants were Plaintiff A.J.'s Washington Law Against Discrimination (WLAD) claims. (Dkt. No. 54 at 13-14.) The Court did not grant Plaintiffs leave to amend their complaint to allege new claims against the Bellingham Defendants, but that is what they did. For example, the amended complaint alleges a *Bivens* cause of action not only against the new Border Patrol Defendants, but also against Officer Serad. (Dkt. No. 59 at 22.) The complaint also alleges a WLAD claim on behalf of all Plaintiffs, (*id.* at 26-27), even though the Court's summary judgment order explicitly stated that "the WLAD claims by Antonio J. and Luciana Zeferino must be DISMISSED" because "[o]nly the person injured by an alleged discrimination may bring a claim under the statute." (Dkt. No. 54 at 11.) And, the complaint alleges a new outrage claim against "All Defendants." (Dkt. No. 59 at 27.) These are impermissible attempts to expand the claims against the Bellingham Defendants and they shall be stricken.

As for the new factual allegations, they generally relate to the WLAD claims that remain against the Bellingham Defendants.  (*See* Dkt. No. 59 at 7-12.) Moreover, the allegations largely track the traffic stop video, which this Court has reviewed and discussed at length in its summary judgment order. (*See* Dkt. No. 54 at 1-5.) Thus, although the Court did not explicitly permit Plaintiffs to amend their statement of facts, the Court perceives no harm to the Bellingham Defendants from this amendment.

In sum, the motion to strike (Dkt. No. 62) is GRANTED in part and DENIED in part.

1  The motion is GRANTED as to the new claims asserted against the Bellingham Defendants and
2  the WLAD claims asserted by Plaintiffs Antonio J. and Luciana Zeferino. The motion is
3  DENIED as to the amended factual allegations.
4      DATED this 27th day of January 2017.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE